IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| HENRY RICHARDSON, | ) |
| Petitioner, | ) |
| v. | ) No. 16-cv-2968-SHL-dkv |
| MYRON L. BATTS, | ) |
| Respondent. | ) |

**ORDER DENYING PETITION PURSUANT TO 28 U.S.C. § 2241,
CERTIFYING APPEAL NOT TAKEN IN GOOD FAITH
AND
DENYING LEAVE TO PROCEED *IN FORMA PAUPERIS* ON APPEAL**

On December 9, 2016, Petitioner Henry Richardson, Bureau of Prisons ("BOP") register number 41002-039, an inmate at the Federal Correctional Institution in Memphis, Tennessee ("FCI Memphis"), filed a Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("2241 Petition"), seeking relief from his sentence in light of the Supreme Court decision in Mathis v. United States, 136 S. Ct. 2243 (2016). (ECF No. 1.) On December 22, 2016, Petitioner filed an Amended § 2241 Petition. (ECF No. 4.) As explained below, Petitioner is not entitled to the relief which he seeks. Therefore, his § 2241 Petition is **DENIED**.

## BACKGROUND

Petitioner's § 2241 Petition challenges a sentence he received in the Eastern District of Michigan in 2008.[1] (ECF No. 1 at 2.) He did not appeal his sentence. Subsequently, Petitioner

---

[1] Petitioner pled guilty to possession of more than 50 grams of cocaine base with intent to distribute in violation of 21 U.S.C. § 841(a)(1), as well as aiding and abetting; possession of more than 500 grams of cocaine with intent to distribute in violation of 21 U.S.C. 841(a)(1), as well as aiding and abetting; and possession of a firearm in furtherance of a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A). Petitioner was sentenced to 300 months on his drug

filed his original Motion to Vacate, Set Aside, or Correct Sentence Under 28 U.S.C. § 2255 in the Eastern District of Michigan, which was denied. (Id. at 3.) Thereafter, Petitioner filed an application with the Court of Appeals for the Sixth Circuit for permission to file a second and successive § 2255 Petition. (Id. at 3-4.) Petitioner also filed a similar Motion to the one before this Court in the Eastern District of Michigan on March 24, 2017, which was dismissed by that Court on May 17, 2017. Richardson v. Batts, No. 2:17-cv-10950-MAG-sdd (E.D. Mich.).

Petitioner's current § 2241 Petition in this district[2] challenges the validity of his sentence based on Mathis v. United States, 136 S. Ct. 2243 (2016).

## ANALYSIS

Petitioner argues that he is entitled to relief under § 2241 because his remedy under 28 U.S.C. § 2255 "was inadequate or ineffective." In making this argument, he contends that he is "factually innocent" because he is entitled to relief under Mathis. (ECF No. 1-1 at 13-14.) Typically, federal prisoners may challenge their convictions or their sentence under § 2255 in the court which imposed the sentence, and challenge the execution or manner in which the sentence is served under § 2241 in the court having jurisdiction over the prisoner's custodian. This conclusion is based on an interpretation of the "savings clause" to § 2255, which provides as follows:

> An application for a writ of habeas corpus in [sic] behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him, or that such court has denied him relief, unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention.

---

charges and received a consecutive 60-month sentence on the § 924(c) charge. See United States v. Richardson, No. 2:06-CV-20676 (E.D. Mich.)
[2] Petitioner is currently incarcerated in this District.

2

28 U.S.C. § 2255(e). Here, Petitioner is attacking the imposition of his sentence not the conditions of confinement, and such habeas relief pursuant to § 2241 is not available to him unless relief under § 2255 is inadequate or ineffective.

The Sixth Circuit has construed the savings clause narrowly: "Significantly, the § 2255 remedy is not considered inadequate or ineffective simply because § 2255 relief has already been denied, or because the petitioner is procedurally barred from pursuing relief under § 2255, or because the petitioner has been denied permission to file a second or successive motion to vacate." Id. (citations omitted). After the decision in Charles v. Chandler, 180 F.3d 753 (6th Cir. 1999), the Sixth Circuit reemphasized the narrow scope of the savings clause:

> The circumstances in which § 2255 is inadequate and ineffective are narrow, for to construe § 2241 relief much more liberally than § 2255 relief would defeat the purpose of the restrictions Congress placed on the filing of successive petitions for collateral relief. As we explained in Charles, "[t]he remedy afforded under § 2241 is not an additional, alternative or supplemental remedy to that prescribed under § 2255."

United States v. Peterman, 249 F.3d 458, 461 (6th Cir. 2001) (quoting Charles, 180 F.3d at 758) (additional citation omitted). Typically, a prisoner can only circumvent the requirements for filing a second and successive § 2255 and obtain relief under § 2241 if he can show that he is "actually innocent" of the crime for which he has been convicted. Martin v. Perez, 319 F.3d 799, 804-05 (6th Cir. 2003); Charles, 180 F.3d at 757.

Petitioner's argument is based only on a matter of statutory interpretation as to whether a prior drug offense used to enhance his sentence is "broader" than the generic offense, relying on Mathis. Petitioner has not established that his § 2255 remedy was "inadequate or ineffective" or that he was "actually innocent" of the offenses for which he pled guilty. Therefore, Petitioner is not now entitled to seek relief under § 2241, and, thus, "it appears from the application that the applicant or person detained is not entitled" to any relief. 28 U.S.C. § 2243.

The petition is **DISMISSED**.  Judgment shall be entered for Respondent.

## APPEAL ISSUES

Federal prisoners who file petitions pursuant to 28 U.S.C. § 2241 challenging their federal custody need not obtain certificates of appealability under 28 U.S.C. § 2253(c)(1). Durham v. United States Parole Comm'n, 306 F. App'x 225, 229 (6th Cir. 2009); Melton v. Hemingway, 40 F. App'x 44, 45 (6th Cir. 2002) ("[A] federal prisoner seeking relief under § 2241 is not required to get a certificate of appealability as a condition to obtaining review of the denial of his petition."); see also Witham v. United States, 355 F.3d 501, 504 (6th Cir. 2004) (28 U.S.C. § 2253 "does not require a certificate of appealability for appeals from denials of relief in cases properly brought under § 2241, where detention is pursuant to federal process").

A habeas petitioner seeking to appeal must pay the $505 filing fee required by 28 U.S.C. §§ 1913 and 1917.  To appeal *in forma pauperis* in a habeas case under 28 U.S.C. § 2241, the petitioner must obtain pauper status pursuant to Federal Rule of Appellate Procedure 24(a). Kincade v. Sparkman, 117 F.3d 949, 952 (6th Cir. 1997).  Rule 24(a) provides that a party seeking pauper status on appeal must first file a motion in the district court, along with a supporting affidavit.  Fed. R. App. P. 24(a)(1).  However, Rule 24(a) also provides that if the district court certifies that an appeal would not be taken in good faith, or otherwise denies leave to appeal *in forma pauperis*, the petitioner must file his motion to proceed *in forma pauperis* in the appellate court.  See Fed. R. App. P. 24(a)(4)-(5).

Because the § 2241 Petition is meritless for the reasons previously stated, the Court determines that any appeal would not be taken in good faith.  It is therefore **CERTIFIED**,

4

pursuant to Federal Rule of Appellate Procedure 24(a), that any appeal in this matter would not be taken in good faith. Leave to appeal *in forma pauperis* is **DENIED**.[3]

**IT IS SO ORDERED**, this 28th day of August, 2017.

                                            s/ Sheryl H. Lipman
                                            SHERYL H. LIPMAN
                                            UNITED STATES DISTRICT JUDGE

---

[3] If Petitioner files a notice of appeal, he must also pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* and supporting affidavit in the United States Court of Appeals for the Sixth Circuit within 30 days.